UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN LASALLE, ET AL.** | : | **DOCKET NO. 19-cv-1091** |
| **VERSUS** | : | **JUDGE DOUGHTY** |
| **SASOL NORTH AMERICA, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court are two Motions to Dismiss for Lack of Jurisdiction filed by defendants Westlake Chemical Corporation and Phillips 66.[1] Also before the court is a Motion to Dismiss on Prescription filed by defendant Westlake Chemical Corporation ("Westlake"). Doc. 24. These motions are opposed by plaintiffs John Lasalle, Marc Rachal, Marc Rigmaiden and Willis Williams. *See* Docs. 29, 30, 31.

These motions have been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated below, **IT IS RECOMMENDED** that the Motions to Dismiss for Lack of Jurisdiction [docs. 9, 21] be **DENIED AS MOOT**. **IT IS FURTHER RECOMMENDED** that the Motion to Dismiss on Prescription [doc. 24] be **DENIED AS MOOT**.

---

[1] The later filed Motion to Dismiss for Lack of Jurisdiction, filed by Phillips 66 on October 25, 2019 [doc. 21], incorporates by reference Westlake Chemical Corporation's earlier filed Motion to Dismiss for Lack of Jurisdiction [doc. 9] filed September 25, 2019.

# I.
## BACKGROUND

This lawsuit involves an alleged explosion and emission of chemicals which occurred on August 22, 2018. Doc. 1, p. 7. Plaintiffs filed suit on August 20, 2019 against defendants Sasol North America, Civil Construction Company & Environmental Services, LLC[2] ("Civil Construction"), Phillips 66, and Westlake Chemical Corp. alleging liability under Louisiana Civil Code article 2315. *Id.* at 1-2. Plaintiffs seek damages for their alleged exposure to hazardous and toxic chemicals as a result of the explosion. *Id.* at 6. In their original complaint, plaintiffs asserted that complete diversity of citizenships existed and that the court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. *Id*. at 1. However on September 25, 2019, Westlake filed its Motion to Dismiss for Lake of Jurisdiction alleging that complete diversity was lacking between plaintiffs, Louisiana citizens, and Civil Construction, a limited liability company alleged by Westlake to be comprised of Louisiana members. Doc. 9.

In order to better evaluate whether diversity existed in this case, we issued an electronic order on October 11, 2019 instructing plaintiffs to amend their complaint to affirmatively state the citizenship of each defendant. Doc. 17. On October 18, 2019, plaintiffs submitted their amended complaint, affirmatively stating the citizenship of SASOL North America, Phillips 66, and Westlake, however with regard to Civil Construction, they indicated "*there is no longer an intention for [Civil Construction] to be named as a defendant*." Doc. 20, p. 2 (emphasis in original). Both SASOL North America and Civil Construction have since been voluntarily dismissed. Docs. 26, 27.

---

[2] In their original complaint plaintiffs named this defendant as "Civil Construction Company & Environmental Services Inc." [doc. 1, p. 1] however Westlake refers to this defendant as "Civil Construction Company & Environmental Services, LLC" [*see, e.g.,* doc. 24, att. 1] and plaintiffs' have not since contested that this entity is a limited liability company.

On November 8, 2019, Westlake filed a Motion to Dismiss on Prescription arguing that complete diversity did not exist in this case until October 18, 2019 and that accordingly, plaintiffs' claim for damages arising from an explosion that occurred August 22, 2018, had prescribed. Doc. 24. Plaintiffs initially opposed dismissal, arguing that its amended complaint related back to the date of original filing: August 20, 2019. Doc. 31, att. 1, p. 3. Then on March 20, 2019 plaintiffs were granted leave to amend their complaint, in this Second Supplemental and Amended Complaint, plaintiffs allege for the first time the prescription was interrupted on December 12, 2018, and April 22, 2019 when plaintiffs Marc Rachal, Marc Rigmaiden and Willis Williams filed workers compensations claims against their employers. Doc. 35.

## II.
### LAW AND ANALYSIS

### A. Subject Matter Jurisdiction

District courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). This diversity provision requires complete diversity among the parties. *Caterpillar Inc. v. Lewis*, 117 S.Ct. 467, 472 (1996). This means that there must be complete diversity between all named parties. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 814 (5th Cir.1993). In plaintiffs' initial complaint, filed in this court on August 20, 2019, they alleged that our sole basis for jurisdiction in this case is diversity. Doc. 1, p. 1. In this complaint, plaintiffs name Sasol North America, Civil Construction, Phillips 66, and Westlake Chemical Corp., as defendants. *Id*.

On September 25, 2019, Westlake filed a Motion to Dismiss for Lack of Jurisdiction alleging that complete diversity was lacking between plaintiffs and then named defendant, Civil Construction. Doc. 9. This claim is uncontested by plaintiffs, who on October 18, 2019, amended their complaint to exclude Civil Construction as a defendant in this case. Doc. 20. Accordingly,

plaintiffs argue they "have cured any deficiency that may have existed at the time of filing." Doc. 30, p. 2.

It is well-settled that an amended complaint supersedes the original complaint, and the original complaint has no legal effect, except to the extent that it is incorporated by reference into the amended complaint. *See Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). As it is undisputed that complete diversity exists between these Louisiana plaintiffs and the currently named defendants [*see* doc. 9, pp. 2-3; doc. 27, p. 2 (Westlake and plaintiffs concur that remaining defendants are citizens of Delaware and Texas], Westlake's Motions to Dismiss for Lack of Jurisdiction [docs. 9, 21] is moot.

### B. Prescription

We next turn to Westlake's Motion to Dismiss on Prescription filed November 8, 2019. Doc. 24. Plaintiffs claims arise out of an accident that occurred August 22, 2018. Doc. 1. In Louisiana, a claim for personal injuries is a delictual action subject to a liberative prescriptive period of one year, which commences to run from the day injury or damage is sustained. La. Civil code. 3492. This prescriptive period is interrupted when an action is commenced "in a court of competent jurisdiction and venue." La. Civ. Code. art. 3462. A competent court or court of competent jurisdiction is defined under Louisiana Code of Civil Procedure article 5251(4) as "a court which has jurisdiction over the subject matter of, and is the proper venue for, the action or proceedings." Under Louisiana law, the timely filing of a suit for workers' compensation against the plaintiff's employer interrupts prescription as to the plaintiff's subsequent claim for damages against a third-party tortfeasor. *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So. 2d 1383, 1390 (La. 1993).

Westlake argues that because complete diversity did not exist in this case until October 18, 2019, when Civil Construction was removed as a defendant, the court did not have subject matter jurisdiction when the initial complaint was filed on August 20, 2019. *See* Doc. 24, att. 1, p. 3. It argues that that plaintiffs' failure to file suit in a court with competent jurisdiction means that the filing of the complaint did not interrupt prescription and that plaintiffs' claim for damages arising from an explosion that occurred August 22, 2018 should be dismissed as prescribed. Doc. 24.

In plaintiffs' initial opposition to dismissal, they argued that its amended complaint related back to the date of original filing: August 20, 2019. Doc. 31, att. 1, p. 3. However on March 20, 2020, plaintiffs were granted leave to amend their complaint, alleging for the first time the prescription was interrupted on December 12, 2018, and April 22, 2019 when plaintiffs Marc Rachal, Marc Rigmaiden and Willis Williams filed workers compensations claims against their employers. Doc. 35. "An amended complaint generally, but not always, renders pending motions moot." *Rivera v. BMW of North America, LLC*, 2019 WL 2539200, at * 1 (N.D. Tex. Mar. 14, 2019) (citations omitted). Given the Second Supplemental and Amended Complaint [doc. 32, att. 4], directly addresses deficiencies alleged in this motion to dismiss, we recommend the motion be denied as moot.

### III.
#### CONCLUSION

For the reasons stated above, **IT IS RECOMMENDED** that the Motions to Dismiss for Lack of Jurisdiction [docs. 9, 21] be **DENIED AS MOOT**. **IT IS FURTHER RECOMMENDED** that the Motion to Dismiss on Prescription [doc. 24] be **DENIED AS MOOT**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to

file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30

THUS DONE this 20th day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE