UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

JOHN LASALLE, ET AL.              :        DOCKET NO. 19-cv-1091

VERSUS                            :        JUDGE DOUGHTY

SASOL NORTH AMERICA, ET AL.       :        MAGISTRATE JUDGE KAY

RULING

Pending here are two Motions to Dismiss for Lack of Jurisdiction filed by Defendants Westlake Chemical Corporation ("Westlake") and Phillips 66. [Doc. Nos. 9, 21].  Also before the court is a Motion to Dismiss on Prescription filed by Defendant Westlake. [Doc. No. 24]. These motions are opposed by Plaintiffs John LaSalle, Marc Rachal, Marc Rigmaiden, and Willis Williams (collectively "Plaintiffs"). [Doc. Nos. 29, 30, 31].

On March 20, 2020, the Magistrate Judge issued a Report and Recommendation [Doc. No. 37] recommending that the Motions to Dismiss for Lack of Jurisdiction [Doc. Nos. 9, 21] be denied as moot, and that the Motion to Dismiss on Prescription [Doc. No. 24] be denied as moot.

On April 1, 2020, Defendant Westlake filed an objection to the Report and Recommendation insofar as it recommended that Westlake's Motion to Dismiss on Prescription be denied as moot. [Doc. No. 38].  On April 2, 2020, Defendant Phillips 66 filed an objection to the Report and Recommendation, adopting the same arguments set forth by Defendant Westlake [Doc. No. 39].

Having conducted a *de novo* review of the record in this matter, the Court **ADOPTS** the Report and Recommendation to the extent it recommends that the Motions to Dismiss for Lack of

Jurisdiction filed by Defendants Westlake and Phillips 66 [Doc. Nos. 9, 21] be **DENIED AS MOOT**.

Additionally, the Court **ADOPTS** the Report and Recommendation to the extent it recommends that the Motion to Dismiss on Prescription filed by Westlake [Doc. No. 24] be **DENIED AS MOOT** as to Plaintiffs Marc Rachal, Marc Rigmaiden, and Willis Williams.

However, for the following reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation to the extent it recommends that the Motion to Dismiss on Prescription be denied as moot as to Plaintiff John LaSalle, and the Court **GRANTS** the Motion to Dismiss on Prescription as to LaSalle.

## I.    FACTS AND PROCEDURAL HISTORY

This lawsuit involves an alleged explosion and emission of chemicals which occurred on August 22, 2018. [Doc. No. 1, p. 7]. Plaintiffs filed suit on August 20, 2019, against Defendants Sasol North America; Civil Construction Company & Environmental Services, LLC ("Civil Construction"); Phillips 66; and Westlake, alleging liability under Louisiana Civil Code article 2315. [*Id*. pp. 1-2]. Plaintiffs seek damages for their alleged exposure to hazardous and toxic chemicals as a result of the explosion. [Id., p.6]. In their original complaint, Plaintiffs asserted that complete diversity of citizenships existed and that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1332. [Id., p. 1].  However, on September 25, 2019, Westlake filed a Motion to Dismiss for Lack of Jurisdiction alleging that complete diversity was lacking between Plaintiffs, Louisiana citizens, and Civil Construction, a limited liability company alleged by Westlake to be comprised of Louisiana members. [Doc. No. 9.]

In order to better evaluate whether diversity existed in this case, the Court issued an electronic order on October 11, 2019, instructing Plaintiffs to amend their Complaint to

affirmatively state the citizenship of each Defendant. [Doc. No. 17]. On October 18, 2019, Plaintiffs submitted their Amended Complaint, affirmatively stating the citizenship of SASOL North America, Phillips 66, and Westlake; however, with regard to Civil Construction, they indicated "there is no longer an intention for [Civil Construction] to be named as a defendant." [Doc. No. 20, p. 2]. Both SASOL North America and Civil Construction have since been voluntarily dismissed. [Doc. Nos. 26, 27].

On November 8, 2019, Westlake filed the pending Motion to Dismiss on Prescription arguing that complete diversity did not exist in this case until October 18, 2019, and that accordingly, Plaintiffs' claim for damages arising from an explosion that occurred August 22, 2018, had prescribed. [Doc. No. 24]. Plaintiffs initially opposed dismissal, arguing that its Amended Complaint related back to the date of original filing: August 20, 2019. [Doc. 31]. Then on March 20, 2020, Plaintiffs were granted leave to amend their Complaint a second time, and in this Second Supplemental and Amended Complaint, Plaintiffs allege for the first time that prescription was interrupted on December 12, 2018, and April 22, 2019, when Plaintiffs Marc Rachal, Marc Rigmaiden, and Willis Williams filed workers' compensations claims against their employers. [Doc. No. 36].

Also on March 20, 2020, the Magistrate Judge issued a Report and Recommendation which concluded, with regard to the Motion to Dismiss on Prescription:

> "An amended complaint generally, but not always, renders pending motions moot." *Rivera v. BMW of North America, LLC*, 2019 WL 2539200, at * 1 (N.D. Tex. Mar. 14, 2019) (citations omitted). Given the Second Supplemental and Amended Complaint directly addresses deficiencies alleged in this motion to dismiss, we recommend the motion be denied as moot.

[Doc. No. 37, p. 5]

On April 1, 2020, Westlake filed an objection to the Report and Recommendation in which it contends that only three of the four Plaintiffs filed workers' compensation claims, which allegedly partially cures the deficiencies in the Complaint and Amended Complaint. As such, according to Westlake, the present Motion to Dismiss on Prescription is not moot as the Amended Complaint does not address the interruption of prescription for Plaintiff John LaSalle. Westlake requests that the Court decline to adopt the recommendation of the Magistrate Judge, and rule on its Motion to Dismiss on Prescription. [Doc. No. 38, p. 4].

## II.      LAW AND ANALYSIS

Plaintiffs have provided evidence to show that three of the four Plaintiffs workers' compensation claims, allegedly curing the deficiencies in the Complaint and Amended Complaint as to those Plaintiffs. However, they do not allege or provide evidence that Plaintiff John LaSalle filed a workers' compensation claim. As such, the present Motion to Dismiss on Prescription is not moot as to LaSalle. Accordingly, the Court **DECLINES TO ADOPT** the Report and Recommendation to the extent it recommends that the Motion to Dismiss on Prescription [Doc. No. 24] filed by Defendant Westlake be denied as moot, as to LaSalle.

Having so concluded, the Court will next consider the merits of Westlake's Motion to Dismiss on Prescription, as to LaSalle.

Westlake moves to dismiss the suit under Rule 12(b)(6), asserting that it has prescribed under Louisiana law because no defendant was served before the prescriptive period ran, and prescription was not interrupted until the jurisdictional defects in the suit were cured.

Under Louisiana law, delictual actions are governed by a one-year prescriptive period commencing from the date the injury or damage is sustained. LA. CIV. Code art. 3492. Prescription is interrupted by the filing of a lawsuit so long as the suit is filed "in a court of competent

jurisdiction and venue." *Id.*, at art. 3462. If the action is commenced in a court without jurisdiction or proper venue, however, prescription is only interrupted "as to a defendant served by process within the prescriptive period." *Id.*

Therefore, if the lawsuit was filed in a court of incompetent jurisdiction, a defendant would have to have been served by process within the prescriptive period. The returns of service filed in this matter show that no Defendant was served on or before August 22, 2019, when the suit would have prescribed under Article 3492's one-year limit. Westlake was served on September 4, 2019, beyond the prescriptive period. [Doc. No. 4]. The other Defendants were also served beyond the prescriptive period:  SASOL North America was served September 4, 2019 [*Id.*]; Phillips 66 was served September 3, 2019 [Doc. No. 3]; and Civil Construction was served September 11, 2019 [Doc. No. 5].

This Court lacked subject matter jurisdiction over the complaint filed on August 20, 2019, because of Civil Construction's presence in the lawsuit. The defect was not cured until November 15, 2019, when the court granted Plaintiff's voluntary Motion to Dismiss [Doc. No. 28].  Plaintiffs filed their amended complaint against the remaining defendants on November 14, 2019.  [Doc. No. 27].  Therefore, Westlake contends its Motion to Dismiss on Prescription should be granted.

Plaintiffs initially responded that their Amended Complaint is timely because it relates back to the date the original Complaint was filed under Louisiana Code of Civil Procedure article 1153 and Federal Rule of Civil Procedure 15(c).  However, in two companion cases, Judge Cain addressed that contention and found it had no merit. *See Harrison, et al v. Sasol North America, et al,* Case No. 2:19-CV-01092 and *Ryan, et al v. Cajun Industries, LLC, et al,* Case No. 2:19-CV-01095.

In *Harrison*, Judge Cain stated:

Plaintiffs rely on Louisiana Code of Civil Procedure article 1153 to argue that the amended complaint it filed, which did not name Turner as a defendant, relates back to the original complaint. Article 1153 provides that "[w]hen the action or defense asserted in the amended petition or answer arises out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

Plaintiffs also rely on Rule 15(c) of the Federal Rule of Civil Procedure which provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

> An Amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for the mistake concerning the identity of the proper party, the action would have been brought against him.

As argued by Westlake, this Court did not have subject matter jurisdiction at the time the Plaintiffs filed their Complaint, and the Defendants were not served within the prescriptive period. Consequently, there was no interruption of prescription. Therefore, Plaintiffs' claims against Westlake in this lawsuit are prescribed.

*Harrison v. Sasol North America*, No. 2:10-CV-01092, 2020 WL 61268 at * 2 (W.D. La., Jan. 6, 2020).  The Court agrees with Judge Cain's Ruling.

Additionally, this finding is supported by another decision from our district. *See Anderson v. Phoenix of Hartford Ins. Co.,* 320 F.Supp. 399, 405–06 (W.D. La. Oct. 19, 1970), *aff'd sub nom. Anderson v. Papillion*, 445 F.2d 841 (5th Cir. 1971). In that matter, the parties discovered that a

suit filed in federal court on the basis of diversity jurisdiction actually contained a plaintiff and defendant from the state of Texas. The suit had since prescribed under state law, but plaintiffs sought to rescue the matter by dismissing the non-diverse defendant and amending the complaint to include other defendants diverse to the plaintiff. The court held that the amendment did not relate back because it was one adding a new party to the lawsuit. It also concluded:

> This Court had no jurisdiction of the original action against either Papillion or Phoenix. The action against Phoenix is prescribed. There is nothing for plaintiff to relate back to. Under any interpretation of Rule 15(c) a prerequisite is that the original action was timely filed and is presently viable.

*Id.* at 405–06. Affirming the decision, the Fifth Circuit emphasized that "state statutes of limitations, not the Federal Rules of Civil Procedure, govern the determination of whether [diversity cases] are brought timely." *Anderson*, 445 F.2d at 842.

Plaintiffs also contend that prescription should be deemed to have been interrupted by the filing of this suit on August 20, 2019, by virtue of 28 U.S.C. 1631, which states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

However, there is no transfer here, and the Court finds the provisions of 28 U.S.C. 1961 to be inapplicable here.

The Court, therefore, finds that Plaintiffs have not shown an interruption of prescription as to Plaintiff John LaSalle, and, therefore, Westlake's Motion to Dismiss on Prescription [Doc. No. 24] should be **GRANTED** as to Plaintiff John LaSalle.

Phillips 66 did not join in the original motion to dismiss and remains as sole defendant as to LaSalle's claims. The court finds that Plaintiff John LaSalle's case should be brought to a close as to Phillips 66. The prescription findings inure to the benefit of Phillips 66, despite its failure to request dismissal. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). Accordingly, the Court will now dismiss all claims of Plaintiff John LaSalle against Phillips 66 with prejudice.

## III.   CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the Report and Recommendation to the extent it recommends that the Motions to Dismiss for Lack of Jurisdiction filed by Defendants Westlake and Phillips 66 [Doc. Nos. 9, 21] be **DENIED AS MOOT**.

Additionally, the Court **ADOPTS** the Report and Recommendation to the extent it recommends that the Motion to Dismiss on Prescription filed by Westlake [Doc. No. 24] be **DENIED AS MOOT** as to Plaintiffs Marc Rachal, Marc Rigmaiden, and Willis Williams.

The Court **DECLINES TO ADOPT** the Report and Recommendation to the extent it recommends that the Motion to Dismiss on Prescription be denied as moot as to Plaintiff John LaSalle, and the Court **GRANTS** the Motion to Dismiss on Prescription as to LaSalle. LaSalle's claims against all remining Defendants are **DISMISSED WITH PREJDICE**.

Monroe, Louisiana, this 24th day of April, 2020.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**