**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JOHN LASALLE, ET AL.** | : | **CIVIL NO. 2:19-cv-01091** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SASOL NORTH AMERICA, ET AL.** | : | **MAG. JUDGE KATHLEEN KAY** |

**MEMORANDUM RULING**

Pending before the Court is a Motion for Summary Judgment [Doc. No. 71] filed by Defendant Westlake Chemical Corporation ("Westlake"). An Opposition [Doc. No. 76] was filed by Plaintiffs Marc Rachal ("Rachal"), Marc Rigmaiden ("Rigmaiden"), and Willis Williams ("Williams") (collectively "Plaintiffs"). Westlake filed a Reply [Doc. No. 78] on May 18, 2022.

For the reasons set forth herein, Westlake's Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART.

**I.   BACKGROUND**

On August 20, 2019, Plaintiffs filed a Complaint for Damages [Doc. No. 1] against Westlake and other Defendants[1] as the result of an alleged explosion on August 22, 2018, which occurred at the Westlake facility in Lake Charles, Louisiana.

Plaintiffs alleged that the explosion occurred approximately 50-100 yards from where Plaintiffs were working and resulted in Plaintiffs running from the facility. Plaintiffs claim the explosion resulted in exposure to chemicals which caused injuries. Plaintiffs argue the direct exposure to these chemicals resulted in dizziness, nausea, headaches, memory loss, gastrointestinal, respiratory, and central nervous system issues.[2]

---

[1] The suit has been dismissed against other Defendants.
[2] [Doc. No. 1, para. 27].

Westlake's Motion for Summary Judgment asserts that Plaintiffs are not able to prove these injuries because they have no expert to identify the chemicals to which they claim they were exposed, and no expert medical testimony to prove the alleged chemical exposure caused injuries to Plaintiffs.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**B.  Toxic Tort Claims**

Westlake argues that in order to prove a toxic tort claim for alleged exposure to chemicals, Plaintiffs are required to provide expert testimony to prove both causation and injury. Westlake maintains the discovery deadline has run and Plaintiffs have no expert testimony to

prove they were exposed to chemicals and/or to prove their alleged injuries were caused by chemical exposure.[3]

In opposing Westlake's motion, Plaintiffs do not contest Westlake's argument that they have no expert witnesses to prove their toxic tort claims, but instead argue that they still have a claim for mental anguish and distress as a result of the incident.

The Court agrees with Westlake. Plaintiffs cannot recover damages under a theory that they were injured as a result of toxic exposure to chemicals without expert testimony.  Plaintiffs cannot establish the alleged chemical or chemicals they were exposed to, and they have no medical expert testimony to show that any of their alleged injuries were caused by toxic exposure to chemicals.[4]

Therefore, Westlake's Motion for Summary Judgment is GRANTED with respect to damages alleged to be as a result of exposure to chemicals, including dizziness, nausea, headaches, memory loss, gastrointestinal, respiratory, and central nervous system injuries.  The claim for mental anguish and distress will be discussed separately.

### C. Mental Anguish and Distress

Plaintiffs maintain that despite the fact they have no expert testimony to prove damages from chemical exposure, they still have a claim for mental anguish and distress resulting from the explosion and/or the fear they had been exposed to chemicals.  Westlake maintains this claim was not pled by Plaintiffs specifically; however, Plaintiffs' allegations about an explosion, running to safety, etc. set forth enough facts for this claim.

---

[3] *Atkins v. Ferro Corp.,* 534 F. Supp. 2d 662, 666 (M.D. La. 2008); *Knight v. Kirby Inland Marine, Inc.*, 482 F. 3d 347, 351 (5th Cir. 2007); *Templet v. HydroChem, Inc.*, 367 F. 3d 473 (5th Cir. 2004); and *Seaman v. Seacor Marine, LLC,* 326 Fed. App'x. 721, 723 (5th Cir. 2009).
[4] *Atkins*, 534 F. Supp. 2d 662, 666-667 (M.D. La. Feb. 11, 2019); *Seaman v. Seacor Marine, L.L.C.*, 326 Fed. App'x. 721, 729 (5th Cir. 2009).

The general rule is if the defendant's conduct is merely negligent and causes only mental anguish without physical injury, the defendant is not liable for mental anguish damages.[5] However, *Moresi* listed several exceptions to the general rule, one of which may be applicable here: Cases allowing damages for fright or nervous shock where the plaintiff was actually in great fear for his personal safety.[6] The cases cited in *Moresi* for this exception involved a plaintiff who was not physically injured when an automobile crashed into his residence,[7] a plaintiff who thought noise from falling walls was an exploding laundry tank,[8] a plaintiff where plaster fell from the ceiling at his office, barely missing his head,[9] and a plaintiff whose bike (not plaintiff) was struck by an automobile while riding it.[10]

Plaintiffs in this case have alleged an explosion occurred between 50 and 100 yards from them, which caused them to flee for safety. Although the trier of fact would have to make that determination, this appears to be the type of situation which would be covered by the above exception. Therefore, Plaintiffs' claim for mental anguish survives summary judgment.

To be clear, because Plaintiffs cannot prove toxic tort injuries, it is this Court's opinion that Plaintiffs will not be able to make claims for dizziness, nausea, headaches, memory loss, gastrointestinal, respiratory, or nervous system issues. Additionally, Plaintiffs may also not make claims for fear of future problems developing from chemical exposure because Plaintiffs are unable to establish that they were exposed to toxic chemicals.[11]

The remaining claim of Plaintiffs is for mental anguish and distress resulting from the explosion, fleeing from the explosion, and any resulting injuries.

---

[5] *Moresi v. State Through Dept. of Wildlife and Fisheries,* 567 So.2d 1081, 1095-96 (La. 1990).
[6] 567 So.2d 1081 at 1096
[7] *Cooper v. Christensen*, 212 So. 2d 154 (La. Ct. App. 1968), writ refused.
[8] *Pecoraro v. Kopanica*, 173 So. 203 (La. Ct. App. 1937).
[9] *Klein v. Medical Building Realty Co., Inc.* 147 So. 122 (La. Ct. App. 1933).
[10] *Laird v. Natchitoches Oil Mill, Inc.,* 120 So. 692 (La. App. 2d Cir. 1929).
[11] *Broussard v. Olin Corp.* 546 So.2d 1301, 1303 (La. App. 3d Cir. 1989).

### III. CONCLUSION

For the reasons set forth herein, Westlake's Motion for Summary Judgment [Doc. No. 71] is **GRANTED IN PART and DENIED IN PART**.

**IT IS ORDERED** that to the extent Westlake moves for summary judgment regarding claims resulting from the alleged chemical exposure, the Motion is **GRANTED**.

**IT IS FURTHER ORDERED** that to the extent Westlake moves for summary judgment with regard to Plaintiffs' claims for mental anguish resulting from the explosion, the Motion is **DENIED**.

MONROE, LOUISIANA, this 19th day of May 2022.

_____
**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**