UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOHN LASALLE, ET AL.** | : | **CIVIL NO. 2:19-cv-01091** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **SASOL NORTH AMERICA, ET AL.** | : | **MAG. JUDGE KATHLEEN KAY** |

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 81] filed by Defendant Phillips 66 Company ("Phillips 66"). An Opposition [Doc. No. 83] was filed by Plaintiffs Marc Rachal ("Rachal"), Marc Rigmaiden ("Rigmaiden"), and Willis Williams ("Williams") (collectively "Plaintiffs"). Phillips 66 filed a Reply [Doc. No. 85].

For the reasons set forth herein, Phillips 66's Motion for Summary Judgment is GRANTED.

**I.   BACKGROUND**

On August 20, 2019, Plaintiffs filed a Complaint for Damages [Doc. No. 1] against Phillips 66 and Westlake Chemical Corporation ("Westlake") as the result of an alleged explosion on August 22, 2018, which occurred at the Phillips 66 and Westlake facilities in Lake Charles, Louisiana.

Plaintiffs assert that an explosion occurred approximately 50-100 yards from where Plaintiffs were working and resulted in Plaintiffs running from the facility. Plaintiffs argue that the explosion resulted in exposure to chemicals, which caused dizziness, nausea, headaches, memory loss, gastrointestinal, respiratory, and central nervous system issues.[1]

---

[1] [Doc. No. 1, ¶ 27].

This Court previously granted-in-part and denied-in-part[2] a Motion for Summary Judgment [Doc. No. 71] filed by Defendant Westlake. In the pending Motion for Summary Judgment, Phillips 66 asserts Plaintiffs are unable to prove toxic tort injuries because they have no expert to prove exposure and/or damages. Phillips 66 also asserts Plaintiffs are not entitled to damages for mental anguish, without physical injury.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.,* 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate.

---

[2] [Doc. No. 80]

*Id.* "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

In evaluating a motion for summary judgment, courts "may not make credibility determinations or weigh the evidence" and "must resolve all ambiguities and draw all permissible inferences in favor of the non-moving party." *Total E & P USA Inc. v. Kerr–McGee Oil and Gas Corp.*, 719 F.3d 424, 434 (5th Cir. 2013) (citations omitted). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). To rebut a properly supported motion for summary judgment, the opposing party must show, with "significant probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson,* 477 U.S. at 248).

Relatedly, there can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.,* 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

**B.     Toxic Tort Claims**

Phillips 66 argues that in order to prove a toxic tort claim for alleged exposure to chemicals, Plaintiffs are required to provide expert testimony to prove both causation and injury. Phillips 66 maintains the discovery deadline has run, and Plaintiffs have no expert testimony to

prove they were exposed to chemicals and/or to prove their alleged injuries were caused by chemical exposure. Additionally, Phillips 66 asserts the Phillips 66 plant was located approximately one-half mile south of Plaintiffs, and due to the wind blowing West at nine miles per hour, and therefore, Plaintiffs could not have been exposed to toxic chemicals.

Plaintiffs filed an Opposition [Doc. No. 83]; however, the Opposition was deemed deficient,[3] and the deficiency was not corrected within the required ten-day period. Therefore, Plaintiffs' Opposition will not be considered by this Court.

Plaintiffs cannot recover damages under a theory that they were injured as a result of toxic exposure to chemicals without expert testimony.[4] Therefore, Phillips 66's Motion for Summary Judgment is GRANTED with respect to damages alleged to be the result of exposure to chemicals, including dizziness, nausea, headaches, memory loss, gastrointestinal, respiratory, and central nervous system injuries. The claim for mental anguish will be discussed separately.

### C. Mental Anguish

Phillips 66 maintains that Plaintiffs also do not have a claim for mental anguish. The general rule is that if the defendant's conduct is merely negligent and causes only mental anguish without physical injury, the defendant is not liable for mental anguish damages.[5] However, *Moresi* listed several exceptions to this general rule. The only exception to the general rule listed in *Moresi* that would apply would be the exception for cases allowing damages for fright or nervous shock where the plaintiff was actually in great fear for his personal safety.[6] For the

---

[3] [Doc. No. 84 Notice of Deficiency]
[4] *Atkins, Ferro Corp.,* 534 F. Supp. 2d 662, 666-667 (M.D. La. Feb. 11, 2019); *Seaman v. Seacor Marine, L.L.C.*, 326 Fed. App'x. 721, 729 (5th Cir. 2009).
[5] *Moresi v. State Through Dept. of Wildlife and Fisheries,* 567 So.2d 1081, 1095-96 (La. 1990).
[6] *Moresi,* 567 So.2d at 1095-96.

exception to apply, there must be a likelihood of genuine and serious mental distress arising from the special circumstances, which serves as a guarantee that the claim is not spurious.

      A later decision ruled this exception requires the plaintiff to be a direct participant in the accident causing the mental anguish, and defendant owes a direct, specific statutory duty to the plaintiff to refrain from specific conduct.[7] Phillips 66 asserts Plaintiffs were not "direct participants" in the incident as it related to Phillips 66 since their plant was over one-half mile away.

      In *Dumas v. Angus Chemical Co.,* 728 So.2d 441 (La. App. 2 Cir. 1999), the court did not allow a group of claimants who were outside the premises of a fertilizer plant explosion to recover for mental anguish. The court found that the plaintiffs were not "involved" to a reasonable degree in the event causing harm. None of the plaintiffs were closer than one mile away from the plant at the time of the explosion.

      Plaintiffs' Complaint alleges that an explosion occurred between 50 and 100 yards from them, causing them to flee. This Court allowed Plaintiffs' mental anguish claims to proceed against Westlake. However, Phillips 66 has proven that the Phillips 66 plant was approximately one-half mile away from Plaintiffs.[8] It is not clear exactly what Phillips 66 did, but even if there were an explosion, it is not the one Plaintiffs were complaining of. The explosion that allegedly caused their mental anguish was only 50 to 100 yards away. Like the court in *Dumas*, Plaintiffs would not have been close enough to the Phillips 66 facility to be allowed to recover for any claims against Phillips 66. Therefore, Phillips 66's Motion for Summary Judgment is also GRANTED with regard to Plaintiffs' mental anguish claim.

---

[7] *Cloman v. Monroe City School Bd.*, 592 So.2d 571, 586 (La. 1990).
[8] [Doc. No. 81-2 Declaration of Dorothy C. Meyers, at ¶ 17]

### III. CONCLUSION

For the reasons set forth herein, Phillip 66's Motion for Summary Judgment [Doc. No. 81] is **GRANTED**.

**MONROE, LOUISIANA**, this 29th day of June 2022.

                                                                                                                         **TERRY A. DOUGHTY**
                                                                                                                         **UNITED STATES DISTRICT JUDGE**